

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2007

# Ajjahnon v. State

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4854

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Ajjahnon v. State" (2007). *2007 Decisions.* Paper 1231.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1231

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-194**           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4854

ZOE AJJAHNON,

Appellant

v.

THE STATE; THERESA M. RUSSO.

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-03693)
District Judge: Honorable Dennis M. Cavanaugh

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
April 12, 2007

Before: RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>

(Filed: April 23, 2007)

OPINION

PER CURIAM

      Zoe Ajjahnon, a resident of Saddle River, New Jersey, appeals from the district

court's order dismissing her complaint as frivolous.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(I);

see also 28 U.S.C. § 1915A(b)(1).  For the following reasons, we will likewise dismiss Ajjahnon's appeal.

A detailed account of the facts underlying Ajjahnon's claims is unnecessary.  In her complaint, Ajjahnon asked the district court to overturn the decision of a New Jersey state court judge entered on May 28, 2003, and affirmed by the Superior Court of New Jersey Appellate Division on July 11, 2006.  According to Ajjahnon's complaint, and the contents of its numerous accompanying exhibits, the state court entered judgment against Ajjahnon, and in favor of the above-named Theresa M. Russo, as a result of a landlord-tenant dispute.  After the state appeals process concluded, Ajjahnon filed a complaint, in forma pauperis, with the district court on August 8, 2006.  Ajjahnon alleged she was denied due process as a result of the state courts' decisions and that the state courts had violated her civil rights in ruling against her.  See 42 U.S.C. § 1983.  On August 22, 2006, the district court entered an opinion holding that it lacked subject-matter jurisdiction over Ajjahnon's claims.  On that same day, the district court entered an order dismissing Ajjahnon's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  After the district court later denied Ajjahnon's timely motion for reconsideration, Ajjahnon filed a timely notice of appeal.[1]

The district court correctly held that it lacked subject-matter jurisdiction over

_____

[1] This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Further, our review of the district court's dismissal order is plenary.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Ajjahnon's claims. Although not cited as authority by the district court, the familiar Rooker-Feldman doctrine is applicable here. See D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); see also Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). "The Rooker-Feldman doctrine deprives a federal district court of jurisdiction in some circumstances to review a state court adjudication." Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006). Generally, "[u]nder the Rooker-Feldman doctrine, lower federal courts cannot entertain constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication." Whiteford v. Reed, 155 F.3d 671, 674 (3d Cir. 1998) (quoting Gulla v. N. Strabane Twp., 146 F.3d 168, 170 (3d Cir. 1998)). The Rooker-Feldman doctrine thus "precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling." Id. (quoting FOCUS v. Allegheny County Ct. of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)). In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005), the United States Supreme Court clarified the scope of Rooker-Feldman, making clear that the doctrine deprives a district court of subject matter jurisdiction *only* in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

In her complaint and notice of appeal, Ajjahnon explicitly and exclusively alleges injuries suffered from previous state court judgments and seeks as a remedy a reversal or modification of those judgments. Thus, Ajjahnon's federal action is the classic case of

the proper application of <u>Rooker-Feldman</u> as set forth in <u>Exxon Mobil</u>. While a review of these state court decisions may possibly be had in the Supreme Court, review may not be had under the guise of a § 1983 complaint filed in federal district court. <u>See</u> <u>Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.</u>, 535 U.S. 635, 644, n.3 (2002) ("The <u>Rooker-Feldman</u> doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court, see [28 U.S.C.] § 1257(a)."); <u>see also</u> <u>Valenti v. Mitchell</u>, 962 F.2d 288, 296 (3d Cir. 1992).

Given our preceding discussion, we agree with the district court that there was no need to provide Ajjahnon with an opportunity to further amend her complaint because any amendment would have proven futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002) (noting that amendment "must be permitted . . . unless it would be inequitable or futile"). Accordingly, as Ajjahnon's appeal is entirely lacking in merit, we will dismiss it under § 1915(e)(2)(B).